**UNITED STATES v. CHRISTOPH.**

No. 9540.

Circuit Court of Appeals, Third Circuit.

Argued April 20, 1948.

Decided April 30, 1948.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

---

Edgar H. Rossbach, U. S. Atty., of Newark, N. J. (Edward V. Ryan, Asst. U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and FEE, District Judge.

PER CURIAM.

This case involves the problem very similar to that considered at length by this Court in Klapprott v. United States, 3 Cir., 1948, 166 F.2d 273. The appellant, Christoph, a resident of New Jersey, was one of the same group of defendants who were convicted and whose conviction was subsequently reversed by the Supreme Court. The action to revoke his citizenship was begun while he was in the Federal Correctional Institution at Sandstone, Minnesota, and a copy was sent him there. He wrote a letter to the Clerk of the United States District Court for the District of New Jersey. In that letter he denied the truth of the charges in the complaint against him and then added the following:

"5. In view of these facts I therefore desire, and herewith give you formal notice, that I relinquish and surrender of my own free will certificate of citizenship of the U. S. A. and that from this date on, I do not consider myself liable for allegiance, fidelity in any way whatever to the U. S. A. and of course, do not claim further rights, benefits or privileges which may be connected with the ownership of such a citizen certificate.

"I furthermore state I object to aforementioned Civil Action #2437 for reasons stated in above mentioned paragraph 4 and request to have set aside said action as unnecessary and superfluous. I am no more a citizen of this country with this date and a continuance of the action would mean less than a formality.

"I also request, that my deportation to Germany is arranged at the most earliest possible moment."

Judgment was entered against appellant in the District Court for the District of New Jersey. Aside from the question (1) whether such a statement could be received as an answer or appearance without paying the fee required by law and (2) whether it is an answer which presents any issue of law or fact, we think the quoted paragraphs are as strong an indication of the appellant's consent to the prayer of the Government as language used by a human being can evince. The case is, therefore, a stronger case for the Government's position than was our previous case of Klapprott.

We abide by our decision in that case, the discussion of which we think answers all other points raised in this litigation.

The order appealed from will be affirmed.